UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>LANO EQUIPMENT, INC.; BRADLEY S. LANO, President of Lano Equipment, Inc.; GARY LANO, Vice President of Lano Equipment, Inc.; KURT LANO, Vice President of Lano Equipment, Inc.; RODNEY LANO, Vice President of Lano Equipment, Inc.; JOSEPH LANO, Secretary of Lano Equipment, Inc.; and ROGER LANO, Treasurer of Lano Equipment, Inc.,<br><br>Respondents. | CASE NO. 12mc10 (RHK/TNL)<br><br>REPORT & RECOMMENDATION |

Bahram Samie, **UNITED STATES ATTORNEY'S OFFICE**, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Petitioner; and

Peter L. Milinkovich, **PETER L. MILINKOVICH, LTD**, 333 Washington Avenue North, Suite 306, Minneapolis, MN 55401.

## I.   INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the United States of America's Petition to Enforce Internal Revenue Service Summonses (Docket No. 1). An Order to Show Cause (Docket No. 3) was issued on February 23, 2012, directing Respondents to appear and show cause why they should not be compelled

to obey the Internal Revenue Summonses, and produce the attendance, testimony, books, records, papers, and other data as are required by the terms of the summons. A hearing was held on the motion on April 2, 2012. Bahram Samie appeared on behalf of the United States of America (the Government). Peter L. Milinkovich appeared on behalf of Respondents.

This matter has been designated to this Court for a report and recommendation. *See United States of America v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991). Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that the Government's Petition to Enforce Internal Revenue Service Summonses (Docket No. 1) be **GRANTED**.

**II.    BACKGROUND**

Respondent Lano Equipment, Inc. (Lano Equipment), is a business located in Shakopee, Minnesota. Decl. Johnson, ¶ 3 (Feb. 1, 2012). The following individuals are Respondents in this matter and work for Lano Equipment: Bradley S. Lano is the president; Gary Lano, Kurt Lano, and Rodney Lano are vice presidents; Joseph Lano is secretary; and Roger Lano is treasurer. *Id.* Each of these individuals is an officer and an equal shareholder of Lano Equipment. *Id.* at ¶ 5.

Duly-commissioned Internal Revenue Agent Monte W. Johnson has been investigating the tax liabilities of Lano Equipment and he has sought information concerning the compensation paid to Lano Equipment's employees. *Id.* at ¶ 2. Internal Revenue Agent Johnson is aware that the officers were paid bonuses, and he has

attempted to determine whether these bonuses were actually dividend payments that were improperly classified as employee compensation. *Id.* at ¶ 2.

Internal Revenue Agent Johnson contends that, to date, he has received incomplete and contradictory information concerning the bonuses. Bradley Lano has been Internal Revenue Agent Johnson only contact with Lano Equipment. *Id.* at ¶ 7. Internal Revenue Agent Johnson contends that he was initially told, in writing, by Bradley Lano that Lano Equipment did not have a formal bonus plan for its employees, but later, Bradley Lano "identified a business model that Lano Equipment was operating under that would support the level of compensation paid to the six officer-shareholders as well as the amount and levels of dividends paid." *Id.* "When [Internal Revenue Agent Johnson] asked to see the business model, Bradley Lano refused to share it." *Id.* at ¶ 8. On one occasion, Bradley Lano expressed a concern that the model would be shared with his competitors and on another occasion, he said, "I could share it with you[, Internal Revenue Agent Johnson,] but then I would have to kill you." *Id.* In addition, Internal Revenue Agent Johnson believes that some books and records have not been provided because he conducted his audit at Lano Equipment's Shakopee, Minnesota site and the books were kept at Lano Equipment's Anoka, Minnesota site. Supp. Decl. Johnson, ¶ 1, (Mar. 28, 2012).

Internal Revenue Agent Johnson contends that, in addition to contradictory information concerning the compensation, he has also not received responses to the March 30, 2011 Information Document Requests (IDR), requesting documents and oral testimony addressing compensation and bonuses. *Id.* at ¶¶ 15-16.

Respondents contest Internal Revenue Agent Johnson's recitation of events. Bradley Lano contends that he answered questions during six different site visits by Internal Revenue Agent Johnson and he responded to 50 IDR's. Aff. Lano, at ¶ 2-5, at Mar. 19, 2012). Bradley Lano contends that he cannot provide the business model sought by Internal Revenue Agent Johnson because he was referencing information in his competitor's possession. *Id.* at ¶ 15.

Bradley Lano also contends that on November 29, 2010, Internal Revenue Agent Johnson issued six Notices of Proposed Adjustment (NOPA), Form 5701. *Id.* at ¶ 11. One of the NOPA, was directed at salaries and wages.[1] *See* Docket No. 13-2. An appointment was set for December 10, 2010 to discuss objections and "an additional issue not yet proposed in a NOPA would be discussed." *Id.* at ¶ 12. Respondents did not appear for the appointment on December 10, 2010. On December 13, 2010, Internal Revenue Agent Johnson commenced audits of the personal tax filings of the individual Respondents based upon the proposed adjustments made to the treatment of their income. Supp. Decl. Johnson, at ¶ 10. The six NOPAs were reissued in January 2011 along with an additional NOPA. On February 16, 2011, Internal Revenue Agent Johnson sent Bradley Lano the Revenue Agent's Report for the tax years ending in 2009 and 2010. *See* Docket No. 15-2.

---

[1] In the cover letter to the November 29, 2010 NOPA, Internal Revenue Agent Johnson referenced "deferred employee salaries under [Lano Equipment's] SIMPLE IRA plan and the lack of valid salary Reduction Agreements." Internal Revenue Agent Johnson contends that "[t]his issue arose upon [his] realization that [Lano Equipment's] employee salary deferral agreements had been recreated and predated by [Lano Equipment]for the purpose of the audit. This . . . occurrence prompted [Internal Revenue Agent Johnson] to investigate into the possibility that [Lano Equipment's] had engaged in fraud." Supp. Decl. Johnson ¶ 6.

On July 11, 2011, Internal Revenue Agent Johnson issued summonses to Bradley Lano, Gary Lano, Kurt Lano, Rodney Lano, Joseph Lano and Roger Lano in the matter of Lano Equipment Inc., seeking information for the tax periods ending on February 28, 2009, and February 28, 2010. Docket No. 1-2, 1-3, 1-4, 1-5, 1-6, and 1-7; *see also* Docket No. 2. The summonses required appearance before Revenue Agent Johnson on August 2, 2011. *Id.* The summonses were served on July 11, 2011. Docket No. 1-2, 1-3, 1-4, 1-5, 1-6, and 1-7. On August 12, 2011, Internal Revenue Agent Johnson issued a summons to Rodney Lano, directing his appearance on August 26, 2011. *Id.* No employee, officer or shareholder of Lano Equipment appeared in response to the summonses. Decl. Johnson, at ¶ 32, 33.

The Government, therefore, commenced this action by filing Petition to Enforce Internal Revenue Service Summonses (Docket No. 1) on February 1, 2012. This Court issued an Order to Show Cause (Docket No. 3) on February 23, 2012, requiring Respondents to appear in federal court on April 2, 2012 and explain why they should not be compelled to testify and produce the records demanded in the summons. The Order was served on Respondents on February 27, 2012. Docket Nos. 4-10. Respondents oppose the petition.

### III. DISCUSSION

#### a. Standard of Review

The Government brought this action pursuant to 26 U.S.C. § 7402(b) and 7604(a). *See also* 26 U.S.C. § 7402(f) (citing 28 U.S.C. § 1340). "The IRS has expansive information-gathering authority to determine tax liability under the Internal Revenue

Code, including by issuance of summonses to taxpayers and third-party record holders." *Sugarloaf Funding, LLC v. United States Dept. of the Treasury*, 584 F.3d 340, 345 (1st Cir. 2009) (quotation omitted). The summonses of the IRS are not self-enforcing. *In Re Testimony of Arthur Anderson & Co.*, 832 F.2d 1057, 1059 n.2 (8th Cir. 1987). Thus, "[i]f the taxpayer refuses to comply with [an IRS] summons, the United States may seek judicial enforcement. . . in the appropriate federal district court which 'shall have jurisdiction. . . to compel such attendance, testimony, or production of books, papers, or other data.'" *United States v. Carter*, 988 F.2d 68, 69 (8th Cir. 1993) (quoting *United States v. First Nat'l Bank Through O'Hara*, 727 F.2d 762, 763 (8th Cir. 1984); *see* 26 U.S.C. §§ 7402(b) and 7604(a).

> The United States Supreme Court stated:
>
>> [The IRS] need not meet any standard of probable cause to obtain enforcement of his summons . . . . He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [the IRS's] possession, and that the administrative steps required by the Code have been followed.

*United States v. Powell*, 379 U.S. 48, 57-58 (1964). "The IRS may satisfy its burden by merely presenting a sworn affidavit" of the issuing officer or agent "attest[ing] to these facts." *United States v. Sindel*, 854 F. Supp. 595, 599 (E.D. Mo. 1994) (citing *United States v. Leventhal*, 961 F.2d 936, 939-40 (11th Cir. 1992)), *rev. in part & aff'd in part on other grounds*, 53 F.3d 874 (8th Cir. 1995); *see United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005) (citing *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980)). After the IRS makes a *prima facie* showing, then the burden shifts to the

respondents. *See United States v. Meininger*, 101 F.R.D. 700, 703 (D. Neb. 1984) (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 361 (1977)). The respondent must either disprove one or more of the four *Powell* elements or demonstrate that the enforcement of the summons would constitute an abuse of the Court's process. *Meininger*, 101 F.R.D. at 703.

An abuse of process occurs when a summons is issued "for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58. The taxpayer carries a burden to prove that the IRS has abused the court's process. *La Salle Nat'l Bank*, 437 U.S. at 316; *United States v. Stuart*, 489 U.S. 353, 360 (1989).

    b. Legal Analysis

For the reasons set forth below, this Court recommends that the Government's petition be granted. The Government has made a prima facie showing: The Petition is supported by the sworn declaration of Internal Revenue Agent Johnson. The declaration supports that the summonses and investigation are directed toward the legitimate purpose of examining Respondents' compensation. The declaration supports that the items sought are relevant to that purpose. The declaration supports that the items sought are not already with the IRS's possession. The declaration supports that the Respondents were duly served and all other administrative steps were followed. Moreover, Respondents have not disproved any of the *Powell* elements and they have not met their burden of showing that enforcement would abuse the Court's process.

Respondents note that the summonses were issued after Internal Revenue Agent Johnson was given access to Lano Equipment's books, records, and president; after the NOPA's were issued; and after the IRS became aware that the Respondents intended to oppose the NOPA's. *Id.* Based upon these facts, Respondents argue that Internal Revenue Manual 4.23.4.6.5 dictates that their receipt of the proposed adjustments designates the end of the examination and, therefore, precludes the enforcement of summonses. This contention is wrong for two reasons.

First, the Internal Revenue Manual is nonbinding. *United States v. Horne*, 714 F.2d 206, 207 (1st Cir. 1983). On the contrary, the binding authority is clear: "[T]he judiciary should not go beyond the requirements of the statute and force IRS to litigate the reasonableness of its investigative procedures prior to obtaining judicial enforcement of the summons." *United States v. Clement*, 668 F.2d 1010, 1013 (8th Cir. 1982); *see also PAA Mgmt., Ltd. v. United States*, 962 F.2d 212, 216 (2d Cir. 1992) (citing *United States v. Euge*, 444 U.S. 707, 711, 100 S. Ct. 874, 878 (1980) and *United States v. Bisceglia*, 420 U.S. 141, 150, 95 S. Ct. 915, 921 (1975)).

Second, even assuming arguendo that the Internal Revenue Manual were binding on this Court, the provisions concerning issuance of NOPAs neither forestall further examination by the IRS nor demarcate a final action of the IRS. Internal Revenue Manual 4.23.4.6.5 is titled "Form 5701 – Notice of *Proposed* Adjustment" and the text of the provision does not bar amendments to a NOPA. (Emphasis added). Likewise, a NOPA is not a final action. *See also Sara Lee Corp. & Subsidiaries v. United States*, 29 Fed. Cl. 330, at 336 (Fed. Cl. 1993) (holding that a revenue agent's report issued in conjunction

with adjustments is not a final action); *see also United States v. Hefti*, 879 F.2d 311, 315 (8th Cir. 1989) (stating that the "issuance of a deficiency notice . . . [does not] terminate the validity of a summons under 28 U.S.C. § 7602(a) which was valid when issued").

Respondent also contends that summons seeks information already in the IRS's possession. This contention is rebutted by Internal Revenue Agent Johnson's declaration and the undisputed fact that Internal Revenue Agent Johnson has never spoken with any of the Respondents except for Bradley Lano.

Respondents contend that the summonses are overbroad. This contention is without merit. The summonses seek information that "may be relevant" to the present inquiry, that is to say "might . . . throw[] light upon the correctness of the taxpayer[s'] returns." *United States v. Matras*, 487 F.2d 1271, 1274 (8th Cir. 1973) (citing 26 U.S.C. 7602(a)).

Respondents contend that the summonses were issued to pressure a settlement. This contention is rebutted by Internal Revenue Agent Johnson's declarations, and this contention of Respondents has no factual support. This contention is merely an inference drawn from the sequence of the investigation.

Finally, Respondents seem to suggest that the purpose of the summonses is to investigate an allegation of fraud. This contention is rebutted by Internal Revenue Agent Johnson's declarations.

## IV. RECOMMENDATION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1. The United States of America's Petition to Enforce Internal Revenue Service Summonses (Docket No. 1) be **GRANTED**.

2. Respondent be ordered to obey the summons in its entirety no later than 5:00 p.m. on July 1, 2012.

Dated: May 8, 2012

*s/ Tony N. Leung*
Magistrate Judge Tony N. Leung
United States District Court

CASE NO. 12mc10 (RHK/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **May 24, 2012**.